# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEITH A. RUDOLPH ,**

       Plaintiff,

  -vs-

                                                      Case No. 12-C-1159

**CAROLYN W. COLVIN, Acting**
**Commissioner of Social Security,**

       Defendant.

## DECISION AND ORDER

     Keith Rudolph appeals the administrative denial of his application for social security disability benefits. The Administrative Law Judge found that Rudolph suffers from the following severe impairments: degenerative disease of the cervical and lumbar spine, hepatitis C, obesity, and affective, anxiety-related, and personality disorder. However, after finding that Rudolph's impairments, either singly or in combination, do not meet any listed impairments, the ALJ found that Rudolph has the residual functional capacity to perform sedentary work, subject to a series of limitations, and that Rudolph is not disabled because he can perform a significant number of available jobs.

     On review, the Court will overturn the Commissioner's final decision only if it lacks support by substantial evidence, is grounded in legal error, or is too poorly articulated to permit meaningful review. *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 699 (7th Cir. 2009). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000). The Court views the record as a whole but does not reweigh the evidence or substitute its judgment for that of the ALJ. *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000). The ALJ is not required to address every piece of evidence or testimony presented, but must provide a "logical bridge" between the evidence and his conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

As an initial matter, Rudolph has submitted new evidence, both here and before the Appeals Council, that was not part of the administrative record. The Court cannot consider evidence that wasn't before the ALJ when reviewing his disability determination. *Eads v. Sec'y of the Dep't of Health & Human Servs.*, 983 F.2d 815, 817 (7th Cir. 1993). However, the Court can order a remand under sentence six of 42 U.S.C. § 405(g), which requires a plaintiff to show that there is "new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Evidence is "material" if there is a "reasonable probability" that the Commissioner "would have reached a different conclusion had the evidence been considered," and evidence is "new" if it was "not in existence or available to the claimant at the time of the administrative proceeding." *Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997). Rudolph, who is proceeding *pro se*, does not provide any argument on these points. However, this newly-submitted evidence is mostly immaterial for a variety of reasons. For example, a September 12, 2013 letter from Dr. James W. Williams, M.D., ECF No. 23-1, "speaks only to [the applicant's]

current condition, not to his condition at the time his application was under consideration by the Social Security Administration." *Schmidt v. Barnhart*, 395 F.3d 737, 742 (7th Cir. 2005). The same can be said for a Department of Corrections Psychological Report, dated August 19, 2013, which seems to undermine Rudolph's claim for benefits in any event. ECF No. 22-1 at 7 ("The offender's results on the MMPI-2 and the M-FAST suggested that he was exaggerating or malingering psychopathology symptoms. Secondary gains such as the offender's desire to be awarded SSDI benefits, can be a reason for individuals to exaggerate symptoms of psychopathology"). Ultimately, and with respect all of Rudolph's new evidence – which may not meet the standard for "newness" in any event – Rudolph failed to meet his burden of demonstrating that it is material, and that there is good cause for failing to incorporate it into the administrative record.

With respect to the actual merits of the ALJ's decision, Rudolph obviously disagrees with it, but he offers nothing to demonstrate that it should be overturned. The ALJ's decision is supported by substantial evidence in the record, so it is **AFFIRMED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 5th day of November, 2013.

                                                 **BY THE COURT:**

                                                 **HON. RUDOLPH T. RANDA**
                                                 **U.S. District Judge**